*Hill & Alcorn, for appellant.*

---

### EDW. MARCUM *v.* M. B. MARCUM.

[Abstract Kentucky Law Reporter, Vol. 7—222.]

**Wife's Separate Property.**

Where a husband buys a lot which is paid for by his wife and a building is erected on the lot, the chancellor will not, upon the application of the husband, incumber the property with a lien in behalf of the husband who has already used and expended the greater part of his wife's estate.

APPEAL FROM BREATHITT CIRCUIT COURT.

September 26, 1885.

OPINION BY JUDGE PRYOR:

We perceive no reason for disturbing the judgment below. While it appears that the appellant after his marriage with the appellee realized a considerable sum of money from a position held under the government, it also appears that his habits were such as enables one to readily account as to the manner in which he disposed of it. When the marriage took place, the appellee, his wife, owned considerable property, consisting of both land and money; was an industrious and economical woman, and the lot in controversy, although purchased by the appellant, was paid for out of her means, and upon this lot the building was erected after the deed was made to the wife. Under the proof in this case the chancellor, if the title had been in the husband, would have required the husband to have supported the wife, or allowed her alimony equal to the rental value of the property.

But here the title is in the wife, with her estate gone, or the greater part of it, and the chancellor is now asked to incumber the remnant of her property with a lien in behalf of her husband for money he expended in erecting a dwelling upon it. The facts of this case will

not warrant the exercise of such a power by the chancellor. There is no equity in appellant's case.

Judgment *affirmed*.

*J. E. Cooper, for appellant.*

*H. C. Lilly & Son, for appellee.*

